UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| MELVIN LEE VITKO, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 1:08-cr-00171-JAW |
| | ) | 1:14-cv-00171-JAW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

# RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Melvin Lee Vitko[1] moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Motion, ECF Nos. 32, 32-1.)[2]

In 2009, following Petitioner's guilty plea to a charge, by indictment, that he was a felon in the possession of five firearms, the Court sentenced Petitioner to 188 months in prison. (Amended Judgment, ECF No. 31 at 1-2.) Although Petitioner filed this section 2255 motion more than one year after the date of final judgment, citing *Descamps v. United States*, 133 S. Ct. 2276 (2013), he asserts that he is entitled to relief pursuant to section 2255(f)(3). (Motion, ECF No. 32 at 12.) Petitioner more particularly argues that he should not have been sentenced as a career offender under the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e), because the prior

---

[1] The indictment alleges that Melvin Lee Vitko is also known as Michael L. Vitko, Marvin Vitko, James McMurray and James McMurry. (Indictment, ECF No. 1.) The presentencing report lists the following additional aliases: Marvin Lee Vitko, Michael Vitko, John Salvatore Bosco, Butch Bosco, Michael Witko, and Brett Laurance Hersey. At sentencing, Petitioner asserted that the aliases Marvin Lee Vitko and Michael Witko were typographical errors by the police, and he denied using either those aliases or the aliases James McMurray or James McMurry. (Sentencing Tr., ECF No. 44 at 6.)

[2] Because Petitioner sets forth his argument almost entirely in the statement attached to his motion, that statement is referred to here as the motion unless otherwise indicated. (Motion, ECF No. 32-1.)

convictions on which the determination of his status as a career offender was based should not be considered "violent felonies" under the ACCA. (*Id.* at 4.)

The Government requests summary dismissal. (Response, ECF No. 50.) As explained below, after consideration of the parties' arguments, the recommendation is that the Court deny relief and dismiss Petitioner's section 2255 motion.[3]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in September 2008 on a charge that he was a felon in possession of five firearms (count one), in violation of 18 U.S.C. § 922(g)(1), and on a charge of possessing the same five firearms knowing they were stolen (count two), in violation of 18 U.S.C. § 922(j). (Indictment at 1-3.)[4] The indictment alleged seventeen prior convictions, all under the laws of the state of Florida. (*Id.* at 1-3.) The prior convictions were comprised of eight burglaries, four grand thefts, escape, uttering a forged check, conspiracy to escape, felonious possession of firearms, and dealing in stolen property. (*Id.*) If the Government could prove that Petitioner had at least three prior convictions for violent felonies, as the term "violent felony" is defined in 18 U.S.C. §

---

[3] In his opposition to the Government's request for dismissal, Petitioner renewed his request for the appointment of counsel. (Reply, ECF No. 57 at 19.) Petitioner has failed to demonstrate that the "interests of justice" require the appointment of counsel. 18 U.S.C. § 3006A. Petitioner's request for counsel, therefore, is denied.

[4] 18 U.S.C. § 922(g)(1) states in pertinent part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(j) states:

> It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

924(e)(2)(B), Petitioner would be subject to a mandatory minimum of fifteen years in prison under 18 U.S.C. §924(e)(1).[5]

Pursuant to a plea agreement, Petitioner pled guilty to count one of the indictment in November 2008. (Plea Agreement, ECF No. 13; Minute Entry, ECF No. 15.) According to the terms of the plea agreement, Petitioner understood that he was subject to a mandatory minimum sentence of 15 years. (Plea Agreement at 2.) In exchange for Petitioner's guilty plea, the Government agreed (1) to recommend a three-level reduction for acceptance of responsibility if the Court determined that Petitioner's adjusted United States Sentencing Guidelines (U.S.S.G.) offense level was 16 or higher, and (2) to move for the dismissal of count two of the indictment. (*Id.* at 2-3.)

The revised presentence investigation report provided the following offense level computations under the 2008 edition of the sentencing guidelines: Pursuant to U.S.S.G. §2K2.1(a)(6)(A), because as a convicted felon, Petitioner was prohibited under 18 U.S.C. 922(g)(1) from shipping, transporting, or possessing a firearm at the time of the offense, a base

---

[5] Title 18 U.S.C. § 924(e)(1) states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Section 924(e)(2)(B) defines the term "violent felony":

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

offense level of 14 applied; pursuant to U.S.S.G. §2K2.1(b)(1)(A), two points were added because the offense involved five firearms; pursuant to section 2K2.1(b)(4)(A), an additional two points were added because the firearms were stolen; four points were added, pursuant to section 2K2.1(b)(6), because Petitioner possessed the firearms in connection with another offense, in this case burglary; and pursuant to U.S.S.G. §3E1.1, three points were subtracted for Petitioner's acceptance of responsibility, for an adjusted offense level of 19.

The revised presentence investigation report also identified five prior violent felonies (paragraphs 29, 31, 32, 35, and 39 of the report) consisting of four burglary convictions and one conviction for conspiracy to escape. Two of the burglaries involved unlawful entry into homes, and two involved unlawful entry into businesses, all with the intent to commit theft and all in violation of Florida statute section 810.02. (Attachment, ECF No. 50-1 at 1-5.)[6]

The Government maintained that with any three of Petitioner's prior convictions, Petitioner would be considered an armed career criminal under the ACCA.[7] In the report, due to Petitioner's status as a career criminal under the ACCA and his use or possession of the firearms in connection with a burglary, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the adjusted offense level was determined to be 34 rather than the lower level of 19.[8] From the adjusted level of 34, three points were

---

[6] Petitioner does not dispute that his ACCA predicate burglary convictions were based on violations of section 810.02 of the Florida statutes. (Motion at 4.)

[7] Petitioner does not contest that his conviction for conspiracy to escape qualified as a predicate conviction under the ACCA. (Motion at 8.) The Government attached to its response to Petitioner's section 2255 motion *Shepard* documentation regarding four of the five prior violent felonies that had been identified as ACCA predicate convictions in the revised presentence investigation report. (Attachment, ECF No. 50-1 at 1-5.) *See Shepard v. United States*, 544 U.S. 13 (2005). The Government's documentation includes four informations that charged Petitioner with burglaries spanning from 1979 to 1981. (Attachment at 1-5.) These correspond to paragraphs 29, 31, 32, and 35 of the revised presentence investigation report. (*Id.*) The Government also attached an additional three charging documents for burglaries that were listed in the revised presentence investigation report but that were not specifically identified in the report as ACCA predicate offenses. (Attachment at 6-9.)

[8] U.S.S.G. § 4B1.4(b)(3)(A) of the United States Sentencing Guidelines (U.S.S.G.) states in pertinent part:

subtracted for Petitioner's acceptance of responsibility, which resulted in a total offense level of 31.

The revised sentencing report included Petitioner's objection based on his contention that he did not possess firearms in connection with a crime of violence. The Government did not change the revised report in response to the objection, and Petitioner's sentencing memorandum did not object to the ACCA predicate crimes or the Government's ACCA recommendation. (Sentencing Memorandum, ECF No. 23.)

At the sentencing hearing, in response to the Court's questioning, Petitioner told the Court that he had read the revised presentence investigation report and that he had time to discuss the report with counsel. (Sentencing Tr. at 3-4, ECF No. 44.) The Court informed Petitioner that the Court intended to rely on the presentence investigation report in determining the sentence, and the Court asked Petitioner if the report contained any inaccuracies. (*Id.* at 4.) Petitioner's counsel identified some issues regarding Petitioner's aliases and the counties in which the pending burglary, theft, and firearms charges were filed, but counsel did not object to the prior convictions listed in the indictment or to Petitioner's status as an armed career criminal. (*Id.* at 4-6.) The Court then asked Petitioner directly whether anything else in the revised presentencing report was inaccurate, and Petitioner responded, "No, sir." (*Id.* at 6-7.) In response to the Court's inquiry, counsel affirmed that there were no other issues to address before sentencing. (*Id.* at 7.)[9]

---

> The offense level for an armed career criminal is the greatest of . . . 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in §4B1.2(a), or a controlled substance offense, as defined in §4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a).

Section 4B1.4(b)(3)(A) also provides: "If an adjustment from §3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment."

[9] In Petitioner's reply in support of his section 2255 motion, he asserts that at sentencing, he agreed to the facts of each of the predicate convictions, but he did not admit that he had been convicted of the elements of burglary for purposes of satisfying the requirements of the ACCA. (Reply, ECF No. 57 at 12.) Petitioner's assertion is without merit; at sentencing, he did not object to the portion of the revised presentencing report that provided the pertinent

5

The Government recommended a guidelines sentence of 188 months; Petitioner recommended a variant sentence of 180 months, which represented the statutory minimum. (*Id.* at 9, 12.)

Applying the sentencing guidelines, the Court concluded that although the total offense level would have been 19 were it not for Petitioner's career offender status, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), his offense level was increased to 34 due to his status as a career offender. The Court reduced the offense level number by three points for Petitioner's acceptance of responsibility, which reduction resulted in a total offense level of 31 points. (Sentencing Tr. at 7.) The Court assigned a criminal history category of VI, noting that the guidelines range was 188 – 235 months. (*Id.* at 8.) After discussing the sentencing factors set forth in 18 U.S.C. §3553, the Court imposed a sentence of 188 months of imprisonment, followed by a term of five years of supervised release. (*Id.* at 15-20.) The Court granted the Government's motion to dismiss count two of the indictment. (*Id.* at 29.)

An amended judgment was entered on May 6, 2009.[10] In accordance with the plea agreement, Petitioner did not appeal the conviction, nor did he contest the enforceability of the appeal waiver provision. (*Id.* at 27; Plea Agreement at 3.) Although the plea agreement did not preclude an appeal of the sentence, Petitioner did not appeal the sentence. (Sentencing Tr. at 28; Plea Agreement at 3.) The amended judgment thus became the final judgment at the expiration of

---

details about each of the predicate offenses, including that two involved home burglaries and two involved burglaries of businesses. (Sentencing Tr., ECF No. 44 at 4-7.) Nor did Petitioner object to the classification of the four burglaries as ACCA predicate violent felonies. (*Id.*)

[10] The judgment was amended to add that the Court recommended vocational training in the field of graphic arts if possible, as the Court had stated at the sentencing hearing. (Amended Judgment, ECF No. 31; Order, ECF No. 30.)

the appeal period, on May 16, 2009.[11] Petitioner represented that he placed the pending section 2255 motion in the prison mailing system on April 18, 2014, and it was filed on April 23, 2014. (Motion at 13.) Although Petitioner filed a motion to amend his section 2255 motion, he later withdrew the motion to amend. (ECF Nos. 35, 45.)

## II. DISCUSSION

Title 28 U.S.C. §2255(f) governs the timeliness of a section 2255 motion.[12] Petitioner concedes that because the motion was filed well over one year after the judgment became final, section 2255(f)(1) does not apply. Petitioner, however, argues that because of the Supreme Court's *Descamps* decision, in accordance with 28 U.S.C. § 2255(f)(3),[13] the motion was filed timely.

Under section 2255(f)(3), the one-year limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

---

[11] At the time of the judgment, the appeal period was ten days; the rules were amended effective December 1, 2009, and the appeal period is currently 14 days. Fed. R. App. P. 4(b)(1)(A)(i); 2009 advisory committee's note; Orders of the Supreme Court of the United States Adopting and Amending Rules, Order of March 26, 2009.

[12] Title 28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[13] Petitioner argues for the first time in his reply that he should benefit from equitable tolling, based on *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Reply, ECF No. 57 at 18.) This argument is not separately addressed here because it was raised for the first time in his reply and it is essentially the same argument that he makes under 28 U.S.C. § 2255(f)(3) and *Descamps* in his initial motion.

7

The issue, therefore, is whether *Descamps* recognized a new right that is applicable to Petitioner's case.

In *Descamps*, the Supreme Court explained the method that courts must use to determine whether a prior conviction should be considered a "violent felony" under the ACCA for purposes of enhanced sentencing. 133 S. Ct. at 2281. The Court stated:

> The Armed Career Criminal Act (ACCA or Act), 18 U.S.C. § 924(e), increases the sentences of certain federal defendants who have three prior convictions "for a violent felony," including "burglary, arson, or extortion." To determine whether a past conviction is for one of those crimes, courts use what has become known as the "categorical approach": They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime—*i.e.,* the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.
>
> We have previously approved a variant of this method—labeled (not very inventively) the "modified categorical approach"—when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id.* In *Descamps*, the Supreme Court noted that in *Shepard v. United States*, 544 U.S. 13, 26 (2005), it authorized sentencing courts, in cases involving divisible statutes, "to scrutinize a restricted set of materials−here, 'the terms of a plea agreement or transcript of colloquy between judge and defendant'−to determine if the defendant had pleaded guilty to entering a building or, alternatively, a car or boat." *Descamps*, 133 S. Ct. at 2284 (quoting *Shepard*, 544 U.S. at 26).

Contrary to Petitioner's argument, *Descamps* did not recognize a new right that is applicable to Petitioner's case. In *Descamps*, the Supreme Court stated: "Our caselaw explaining

the categorical approach and its 'modified' counterpart all but resolves this case." 133 S. Ct. at 2283. The Court explained that in its prior decisions, it recognized that in cases involving divisible statutes, the "limited class of documents" that may be reviewed includes the charging document and jury instructions. *Id.* at 2283-84 (discussing *Taylor v. United States*, 495 U.S. 575, 602 (1990); *Shepard*, 544 U.S. at 26). The Supreme Court did not consider *Descamps* to recognize a new right. *See United States v. Tenderholt*, No. 14-8051, 2014 WL 7146025, at *2, 2014 U.S. App. Lexis 23704, at *3-4 (10th Cir. Dec. 16, 2014) (holding that *Descamps* did not create a new right). Because the Supreme Court in *Descamps* did not create a new right, Petitioner cannot successfully rely on *Descamps* in his effort to convince the Court that he filed timely his section 2255 motion.[14]

In addition, the Supreme Court's decision in *James v. United States*, 550 U.S. 192 (2007) makes clear that *Descamps* is not applicable. At the time that Petitioner committed his offenses, section 810.02 of the Florida statute provided in pertinent part: "'Burglary' means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Fla. Stat. § 810.02(1) (1977). The term "structure" was defined as a "building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof." Fla. Stat. § 810.011(1) (1977). In *James*, the Supreme Court held that "the inclusion of curtilage" in the definition of "dwelling" under section 810.011(2) "takes Florida's underlying offense of

---

[14] Even if *Descamps* is construed to establish a new right, the right is not applicable to Petitioner's case. This Court has held that Florida statute section 810.02 is divisible, whereas *Descamps* addressed courts' ability to refer to additional information where the defendant's prior convictions involve indivisible statutes. *United States v. Sanchez-Ramirez*, No. 1:05-cr-00071-JAW, 2014 WL 220695, at *2, 2014 U.S. Dist. Lexis 7092, at *5-6 (D. Me. Jan. 21, 2014). As this Court explained, *Descamps* "potentially affects the subset of ACCA determinations where the sentencing court, though faced with an indivisible statute, examined *Shepard* documents to determine whether the state crime fit within the ACCA definition of a violent felony." 2014 WL 220695, at *2, 2014 U.S. Dist. Lexis 7092, at *5. Because unlike in *Descamps*, the statute in this case is divisible, *Descamps* does not establish a right that applies to Petitioner's case.

9

burglary outside the definition of 'generic burglary' . . . ." *Id.* at 212. Applying a categorical approach, the Supreme Court held that a prior conviction for attempted burglary of either a dwelling or its curtilage constitutes a violent felony under the residual clause of the ACCA because the crime of attempted burglary "'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* at 201-02, 213 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

In *United States v. Sanchez-Ramirez*, 570 F.3d 75, 82 (1st Cir. 2009), the First Circuit applied the reasoning of the Supreme Court in *James* to three ACCA predicate crimes of burglary of unoccupied churches. *Id.* at 82-83 (citing *James*, 550 U.S. at 213). The First Circuit concluded that the three church burglary convictions at issue in that case did not fall within the definition of "generic burglary" because (1) Florida's burglary statute included the curtilage as part of the definition of a "structure", and (2) because "the documents permissibly reviewed under [*Shepard*] . . . do not exclude the possibility that Sanchez was convicted of 'non-generic' burglary . . . ." *Id.* at 82 n.7. As the Supreme Court did in *James*, the First Circuit applied a "categorical approach" and held that the convictions "satisf[ied] the elements of the ACCA residual clause" in that they involved "conduct that presents a serious potential of physical injury to another." *Sanchez-Ramirez*, 570 F.3d at 81, 83 (quoting 18 U.S.C. 924(e)(2)(B)(ii)). Thus, a conviction for burglary of a "structure", as that term is defined in Florida statute 810.011, is a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii), not because the crime falls within the rubric of "generic burglary", but rather because it involves serious risk of injury to others and therefore fits within the residual clause of section 924(e)(2)(B)(ii).[15]

---

[15] The Supreme Court has held: "Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

Applying the categorical approach used in both *James* and *Sanchez-Ramirez*, Petitioner's predicate crimes must be considered violent felonies under the residual clause of section 924(e)(2)(B)(ii), because Petitioner's predicate crimes involved "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).[16] *Descamps*, therefore, is inapplicable. Consequently, Petitioner's contention that he timely filed his motion must fail.

### III. CONCLUSION

For the reasons stated above, no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases. The recommendation is (1) that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255, and (2) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[16] Petitioner argues essentially that *Descamps* breathes new life into a 1982 Florida case, *State of Florida v. Hicks*, 421 So. 2d 510 (Fla. 1982). In *Hicks*, the Florida Supreme Court held that non-consent to entry is not an element of the crime of burglary, but rather consent to entry is an affirmative defense. 421 So. 2d at 511-12. In *Descamps*, the Supreme Court held that the California burglary statute at issue was broader than generic burglary: "Whereas burglary statutes generally demand breaking and entering or similar conduct, California's does not: It covers, for example, a shoplifter who enters a store, like any customer, during normal business hours." *Descamps*, 133 S. Ct. at 2282. In *Descamps*, the Court held that the modified categorical approach could not be used to convert a conviction under the California statute into an ACCA predicate crime. *Id.* at 2283. *Hicks* does not apply to Petitioner's predicate burglary convictions because, as explained above, the Supreme Court in *James v. United States*, 550 U.S. 192 (2007), held that the Florida statute at issue here qualifies as an ACCA predicate crime under the residual clause of 18 U.S.C. §924(e)(2)(B)(ii). *James*, 550 U.S. at 212-13. The Florida statute, unlike the California statute, excluded from the definition of burglary entry onto premises that "are at the time open to the public or the defendant is licensed or invited to enter or remain." Fla. Stat. 810.02 (1982 Supp.); *see Descamps*, 133 S. Ct. at 2282.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 15th day of January, 2015.