**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **MELVIN LEE VITKO** | ) |
| | ) |
| **v.** | )    **Crim. No. 08-cr-00171-JAW** |
| | )    **Civ. No. 14-cv-00171-JAW** |
| **UNITED STATES OF AMERICA,** | ) |

**GOVERNMENT'S MOTION FOR RECONSIDERATION**
**OF ORDER DENYING THE RECOMMENDED DECISION**
**OF THE MAGISTRATE JUDGE AND GRANTING RELIEF**
**UNDER 28 U.S.C. §2255 AND SUPPORTING MEMORANDUM OF LAW**

Now comes the United States of America, by its attorneys, Thomas E. Delahanty II,

United States Attorney, and Margaret D. McGaughey, Appellate Chief, and moves, pursuant to

Fed.R.Civ.P. 59 (e) and Fed.R.Civ.P. 60(b)(6), for: (1) reconsideration of, the Court's April 4,

2016 Order Denying the Recommended Decision of the Magistrate Judge and Granting Relief

Under 28 U.S.C. §2255 (Docket #88); and (2) a new order denying relief by way of 28 U.S.C.

§2255.

<u>Argument</u>

Pursuant to Fed.R.Civ.P. 59(e) and 60(b)(6), there are two reasons the Court should

reconsider its April 4, 2016 order granting relief pursuant to 28 U.S.C. §2255 and enter an order

denying Vitko's §2255 petition.  First, authority from the Eleventh Circuit, which encompasses

Florida, interprets Florida's burglary statute to amount to "generic burglary" for the purposes of

the Armed Career Criminal Act (ACCA) when the charging instruments specifically alleged, as

they do in this case, that the defendant illegally entered a building or structure with intent to

commit a crime, but made no mention of an illegal entry into the curtilage.  United States v.

Weeks, 711 F.3d 1255, 1262 (11th Cir. 2013); United States v. Jackson, 250 F.App'x  926, 927

(11th Cir. 2007)(per curiam)(unpublished); United States v. Branson, 200 F.App'x 939, 941-941

1

(11th Cir. 2006)(per curiam)(unpublished).  A second reason the April 4, 2016 order should be reconsidered is that unlike at trial, where the burden generally is on the Government to prove that a prior conviction is valid, on habeas review, the burden is on the petitioner to show entitlement to relief.  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  When the evidence is in equipoise, the party with the burden of proof must lose.  United States v. Hartsock, 347 F.3d 1, 7 (1st Cir. 2003).  Having failed his burden of proof, Vitko should not be granted §2255 relief.

A.  The Standard

Fed.R.Civ.P 59(e) permits a party to move to alter or amend a judgment within 28 days of the entry of the judgment.  Although the rule does not specify what grounds justify an amendment of judgment, whether to grant relief under Rule 59(e) is a matter of the Court's discretion.  ACA Financial Guaranty Corp. v. Advest,  Inc., 512 F.3d 46, 55 (1st Cir. 2008).  Fed.R.Civ.P. 60(b), which is "inherently equitable in nature," also confers on the Court discretion to relieve a party from final judgment for "any other reason that justifies relief."  Ungar v. Palestine Liberation Organization, 599 F.3d 79, 83 (1st Cir. 2010).  The Court should exercise its discretion to reconsider its April 4, 2016 order and deny § 2255 relief for two reasons.

B.  Eleventh Circuit Precedent Regarding Florida Burglary

At pages 23 and 24 of its order, the Court correctly pointed out that burglary in violation of Florida Statute section 810.02(1) is not "generic burglary" as Taylor v. United States, 495 U.S. 575, 587-599 (1990), defines that term.  That is because the terms "structure" and "dwelling" as used in the Florida statute include the curtilage.  Although the Government provided the Court with certified copies of each of Vitko's seven Florida burglary convictions and argued that all of them charged an illegal entry into a building or dwelling and not into the

curtilage, the Court "conclude[d] that it was possible that Mr. Vitko was convicted of 'non-generic' burglary" and thus he was entitled to §2255 relief.

The Eleventh Circuit, which includes Florida, has addressed this exact issue.  In Weeks, 711 F.3d at 1262, the defendant similarly argued that a conviction under Florida's burglary statute could qualify as a "violent felony" only under the ACCA's now-invalidated residual clause, and never as the enumerated offense of burglary[1] because the Florida statute punished illegal entry into the curtilage of a structure and thus was broader than "generic burglary."   The Eleventh Circuit ruled:

> Although Florida's burglary statute facially encompasses both
> generic and non-generic burglaries, a conviction under the statute
> can still qualify as generic burglary if the charging documents or
> other Shepard-approved[2] sources show that the offense involved
> unlawful entry into a building or structure.... Because the charging
> documents show that Weeks was charged with unlawfully entering
> into three separate buildings with intent to commit a crime, his
> convictions qualify as generic burglaries under the ACCA's
> enumerated-offenses clause and, thus, we do not even have to
> apply the residual clause.
> Id. at 1262-1263.

Similarly, in Jackson, 250 F.App'x at 928-929, the defendant challenged reliance on a Florida burglary conviction to sentence him under the ACCA on the basis that the Florida statute defined "structure" to include the curtilage and thus the burglary was not generic.  The Eleventh Circuit responded:

> While on its face, Jackson's conviction is not clearly for generic
> burglary or burglary of a structure's curtilage, the charging

---

[1] Title 18 U.S.C. §924(e)(2)(B) defines a "violent felony" as: a felony that:
　　　(i) has as an element the use, attempted use, or threatened use of
　　　physical force against the person of another; or
　　　(ii) is burglary, arson, or extortion, involves use of explosives, or
　　　otherwise involves conduct that presents a serious potential risk of
　　　physical injury to another.
[2] Shepard v. United States, 544 U.S. 13, 26 (2005).

document indicates that he did, in fact, burglarize a building. Accordingly, because this offense "ha[d] the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," we agree with the district court that it qualifies as generic burglary under the ACCA.
Id. (quoting Taylor, 495 U.S. at 598).

A similar result was obtained in Branson, 200 F.App'x at 939, where the defendant leveled the same challenge to reliance on his Florida burglary convictions to sentence him under the ACCA.  The Eleventh Circuit ruled:

> Branson pled nolo contendere to an information that charged "unlawfully enter[ing][ or remain[ing] in a certain structure, to-wit: a storage shed[,]" with intent to commit theft therein.  Because this offense "ha[d] the basic elements of unlawful or unprivileged entry into, or remaining in, a building  or structure, with intent to commit a crime," it qualifies as generic burglary under the ACCA....
> Although, under the Florida burglary statute, Branson could have been convicted for burglary of only a structure's curtilage, the charging document indicates that he did, in fact, burglarize "a certain structure, to wit a storage shed[.]"
> Id. at 943 (emphasis in original).

In contrast, in United States v. Matthews, 466 F.3d 1271, 1274 (11th Cir. 2006), the defendant's Florida burglary convictions did not qualify as "generic burglary" because:

> The judgments of conviction for Matthews's third-degree burglaries list his crimes only as "Burglary" and "Burglary (Structure).  The convictions do not specify whether he entered the roofed portion of a structure or only its curtilage.... The charging documents are also ambiguous in that regard.  Id. ex. 1 at 3 (charging entry into a structure or the curtilage thereof"), Ex 3 at 3 (same).  And the district court was not presented with any other judicial record that provides that information.
> Id.

In this case, the Shepard-approved documents specifically allege illegal entries with intent to commit crimes into seven specific dwellings or structures:

> (1) "the dwelling house of [named victims] located at 111 Fourth Avenue NW, Largo, Pinellas County, Florida, the property of [the

4

named victims] with intent to commit an offense therein, to-wit: petit theft..."
    (GX 1).

(2) "that certain business known as Al's Autos, located at 5100 66th Street North, St. Petersburg, Pinellas County, Florida, the property of [a named victim] with intent to commit an offense therein, to-wit: theft..."
    (GX 2).

(3) "the dwelling of [named victims] located at 4256 49th Avenue South in the City of St. Petersburg, in the County and State aforesaid, the property of [the victims], with intent to commit an offense therein, to-wit: petit theft...."
    GX 3.

(4) "that certain building known as Associates Realty N. W. Inc., located at  6669 54th Avenue North, St. Petersburg, Pinellas County, Florida, the property of Associates Realty N. W., Inc., a business entity, with intent to commit an offense therein, to-wit: theft, and during the course thereof did arm himself <u>within said structure</u> with an explosive or dangerous weapon, to-wit: a firearm, the said structure not at the time open to the public."
    (GX 4)(emphasis added)

(5) "that certain building known as Ra-Jo Realty, located at 4700 66th Street North, St. Petersburg, Pinellas County, Florida, the property of [named victims] d/b/a Ra-Jo realty, with intent to commit an offense therein, to-wit: theft...."
    (GX 5).

(6)"a structure, to-wit: that a certain building known as [victim], M.D. P.A., located at 4805 49th Street North, St.  Petersburg, Pinellas County, Florida, the property of [victim], M.D. P.A., with intent to commit an offense therein, to-wit: theft..."
    (GX 6).

(7) "that certain structure other than a dwelling, to-wit: Vision Clinic, Inc., a Florida corporation, located at 5700 54th Avenue North, in the City of Kenneth City, in the County and State aforesaid, the property of Vision Clinic, Inc., a Florida corporation, with the intent to commit an offense therein, to-wit: theft...."
    (GX 7).

None of these charging instruments alleges illegal entry into the curtilage of any of the dwellings or buildings.  Compare Weeks, 711 F.3d at 1262 (charging instruments accused defendant of unlawfully entering three separate buildings) with Matthews, 466 F.3d at 1274 (charging instruments alleged illegal entry into "a structure or the curtilage thereof").  Although not binding on this Court, authority from the Eleventh Circuit, which has addressed this very issue of when a Florida burglary is generic and when it is not, is persuasive on the issue and warrants reconsideration of the April 4, 2016 order.

> C.  Burden of Proof

A second reason the Court should reconsider it order is that at pages 25 and 26, the Court concluded that relief by way of 28 U.S.C. §2255 was warranted because, after reviewing the Shepard-approved documents, the Court "conclude[d] that it was possible that Mr. Vitko was convicted of 'non-generic' burglary" (emphasis added).  Evidently, the Court believed it was unable to discern from the charging documents whether Vitko actually entered the dwelling or building, as the charging instruments specifically alleged, or whether his entry was only into the curtilage.  Perceiving the evidence as in a tie, the Court broke it in Vitko's favor.

The First Circuit has made clear in the context of 28 U.S.C. §2255, however, that the burden is on the petitioner to show entitlement to relief.  David, 134 F.3d at 474; Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).  As another court has explained:

> A habeas corpus proceeding is an asymmetrical enterprise in which
> a prisoner seeks to overturn a presumptively valid judgment of
> conviction.  Because of this, the petitioner generally bears the
> burden of proof throughout the habeas proceeding.
> > Polizzi v. United States, 926 F.2d 1311, 1321
> > (2d Cir. 1991) (internal quotation
> > marks and citation omitted).

Indeed, the Supreme Court has made clear that because a presumption of regularity attaches to a final judgment, a defendant seeking the "extraordinary remedy" of habeas corpus bears the burden of establishing entitlement to relief.  Johnson v. Zerbst, 304 U.S. 458, 468-469 (1938). See also Strickland v. Washington, 466 U.S. 668, 687-88 (1984)(burden is on Sixth Amendment collateral challenger to show both deficient performance and prejudice);  United States v. Hollis, 569 F.2d 199, 206-207 (3d Cir. 1977)(collecting cases).

As the First Circuit has explained, the term "burden of proof" is "commonly understood to encompass two constituent components: the burden of production and the burden of persuasion."  Hartsock, 347 F.3d at 7.  The burden of production "does not concern the quantum of proof required for a party to ultimately prevail, but instead determines which party must first present evidence sufficient to raise a given issue as pertinent."  Id.  This first half of the burden of proof generally falls on the party seeking to change the status quo.  Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56 (2005).

The burden of persuasion is different.  It requires the party seeking relief to persuade the fact-finder with respect to the ultimate issue.  Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).  If the party with the burden of production puts forward no evidence, the party with the burden of persuasion need do nothing at all to prevail.  Id.  If the evidence is "evenly balanced," the "party bearing the burden of persuasion must lose."  Hartsock, 347 F.3d at 7.  The burden of proof is a substantive aspect of a claim, not a "mere incident of a form of procedure."  Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S.Ct. 843, 849 (2014).

Hartsock, id. at 5-10, is instructive on the burden-of-proof issue in the context of use of a prior conviction in a criminal prosecution.  In that case, in order to establish that the defendant

7

had previously been convicted of a misdemeanor crime of domestic violence that made his

possession of firearms a violation of federal law, the Government produced a certified copy of

the defendant's state-court conviction for assault.  Id. at 4.  Invoking 18 U.S.C. §921(b)(i), the

defendant argued that he fell within a statutory exception to the firearms possession ban because

he did not knowingly waive the right to counsel at the state-court proceeding.  Id. at 5.  The First

Circuit, however, ruled that once the Government satisfied its burden of going forward by

producing the conviction, the burden of persuasion shifted to the defendant to show that his

misdemeanor crime of domestic violence fell within the statutory exception.  Id. at 9.

> Several reasons justified this result.  Id.  First:

> > the defendant is likely to have significantly more knowledge than
> > the federal prosecutor concerning the circumstances of the
> > predicate misdemeanor offense.  As the government notes, while
> > the defendant was presumably in state court and knows what
> > happened when the conviction was entered, the United States will
> > generally not have been a party to the prosecution of the predicate
> > offense.
> >         Id.

The First Circuit acknowledged that "some defendants may be ill-equipped to recount the

pertinent details" of their prior case, and may have forgotten the nature or substance of their

colloquy with the state court judge.  Id.  Nevertheless, the defendant was in a better position to

reconstruct the prior proceedings than was the Government.  Id.

As a practical matter, moreover, the Government's ability to obtain anything more than

judgments of the prior conviction was severely hampered because state courts "routinely destroy

supporting records."  Id.  Thus, to put the burden of persuasion on the Government would "place

an impossible burden on the prosecution to establish the existence of facts within the special

knowledge of the defendant."  Id. (internal quotation marks and citation omitted).  Indeed, the

First Circuit likened placement of the burden on the defendant in this trial context to "the usual

placement of burdens for post-conviction attacks on prior convictions." Id. at 10.  As the court

ruled in United States v. Paleo, 967 F.2d 7 (1st Cir. 1992), a defendant arguing that a prior

conviction cannot be used because it was uncounseled bears the burden of showing that no valid

waiver of counsel was obtained.  Hartsock, 347 F.3d at 10.   Thus:

> Given the information gap between defendant and prosecutor, the
> most sensible rule is to place on the defendant the burdens of
> production and persuasion as to the exception, i.e. the burden of
> proof.  This rule maximizes the likelihood of more accurate
> factfinding.
>                 Id.

Hartsock arose in the context of a direct appeal from a criminal conviction.  At criminal

trials, both the burden of production and the burden of persuasion are generally on the

prosecution.  Mullaney v. Wilbur, 421 U.S. 684 (1975).  By contrast, as has been pointed out

above, in the context of a collateral challenge, the burden of proof is on the petitioner.  David,

134 F.3d at 474.  Hartsock's logic about the appropriate placement of burdens of production and

persuasion at trial applies with even greater force with respect to a habeas petitioner arguing that

facially valid out-of-state convictions for burglary that are more than 30 years old cannot be

considered because "it was possible that Mr. Vitko was convicted of 'non-generic' burglary."

Assuming the Government had any burden of production to show that Vitko had valid

ACCA predicates, it satisfied that burden by presenting the Court with certified copies of the

charging instruments of all seven Florida burglaries to which Vitko pleaded guilty or nolo

contendre.  Hartsock, 347 F.3d at 4.  As has been established, all of the charging instruments

identify specifically by owner and address the building or dwelling entered.  None of the

judgments even mentions curtilage.  Here, moreover, all of Vitko's pleas of guilty or nolo

contendere were entered in 1980 or 1981.  Although the Government is in the process of

attempting to obtain the pertinent transcripts and records from the Florida courts, it is likely that, because of the age of these convictions, the state court records have been destroyed.  Id. at 9.

For his part, Vitko has the burden of proving he is entitled to relief pursuant to §2255. David, 134 F.3d at 474.  To the extent he believes he pleaded guilty or nolo contendere to charges that included illegal entry into the curtilage and not the building or dwelling itself, he presumably was in the Florida courts when he entered his pleas to the seven charges and knows much more about what happened in the Florida courts than does the Government.  Hartsock, 347 F.3d at 9.  He, however, has produced no evidence showing that his Florida convictions were for illegal entries into the curtilage, and not the specific buildings and dwellings alleged in the charging instruments.  At best, then, the evidence is in equipoise.  Under such circumstances, because the burden of proof is on Vitko, he must lose.  Id. at 7.

D.  Sanchez-Ramirez

One other issue warrants attention.  At pages 26 and 27 of its April 4 order, the Court cited its own opinion in United States v. Sanchez-Ramirez, Crim. No. 05-71-B-JAW, which was affirmed in United States v. Sanchez-Ramirez, 570 F.3d 75 (1st Cir. 2009), for the proposition that the ruling that Vitko's predicate burglaries qualified for ACCA sentencing was made under the now-invalidated "residual clause" of the ACCA, and not because burglary is an enumerated offense.  In Sanchez-Ramirez, however, there was no need to consider Florida burglary as an ACCA enumerated crime because it so clearly qualified under the ACCA residual clause.  Id. at 82 (citing James v. United States, 127 S.Ct. 1586, 1588 (2007)).  The Supreme Court in Johnson v. United States, 135 S.Ct. 2551, 2563 (2015), explicitly limited its void-for-vagueness holding to the ACCA's "residual clause."  Indeed, the High Court emphasized that, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses or the

10

remainder of the Act's definition of a violent felony." Id.  Thus, even if a predicate was once

evaluated under the now-invalid ACCA residual clause, that conviction may be considered anew

in light of either the "force" or "enumerated offenses" clauses.

In light of that admonition, another district judge in Maine has taken a second look a t

prior convictions used to adjudicate a defendant under the ACCA, considered them under the

"force" clause, and concluded that §2255 relief based on Johnson is not in order.  United States

v. Murdock, 2016 WL 910153, *2-*4  (D. Me. March 9, 2016).   The Court should do the same

here.  It should reconsider its order denying the Magistrate Judge's recommended decision and

granting relief under 28 U.S.C. §2255 and should rule instead that Johnson, 135 S.Ct. 2551, does

not entitle Vito to relief.

**Conclusion**

For the above-stated reasons, the Court should reconsider its April 4, 2016 order and

enter a new order denying Vitko's Motion to Vacate, Set Aside, or Correct Sentence pursuant to

28 U.S.C. §2255.

Respectfully submitted,

THOMAS E. DELAHANTY II
United States Attorney


/s/ Margaret D. McGaughey

Margaret D. McGaughey
Appellate Chief

Dated:  April 7, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2016, I electronically filed the foregoing Motion for

Reconsideration with the Clerk of Court using the CM/ECF system, which will send notification of

such filing to the following:

> Wayne R. Foote, Esq.
> 344 Mt. Hope Ave.
> Bangor, ME   04401
> (207) 990-5855
> wfoote@gwi.net

And by U.S. Mail to:

> Melvin Lee Vitko
> Reg. No. 11315-036
> FCI Jesup
> 2680 301 South
> Jesup, GA   31599

> /s/ Melody A. Richardson
> Melody A. Richardson
> Paralegal Specialist